# *minuteUnited States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 21, 2023

#03260-180
Ms. Priscilla Ann Ellis-Erkkila
FCI Dublin
5701 8th Street Camp Parks
Dublin, CA 94568-0000

> No. 23-50648   Ellis-Erkkila v. Citibank
>                USDC No. 6:20-CV-1039

Dear Ms. Ellis-Erkkila,

**<u>Appellant's Brief Required by Fed. R. App. P. and 5th Cir. R. 28</u>**

Your appellant's brief is due for filing within forty (40) days from the date of this notice.

The court knows you are not a lawyer and does not hold you to the same standards it requires of attorneys in stating your case. The court reviews the case on the record of the district court proceedings and on the briefs filed by the parties. Therefore, your brief should explain as briefly and plainly as possible the facts of the case, the issues of law that you think entitle you to relief, and the relief you are asking. To assist you in writing your brief please see below.

A.  FORMAT AND NUMBER OF COPIES:

  1. Use 8 1/2 x 11 inch light colored paper, preferably white;

  2. Make a 1 inch margin on the top, bottom and both sides of the pages;

  3. Securely fasten the brief so pages do not fall out, and so the pages can be read when the brief is opened;

  4. Send us **4 copies of your brief.**

B.  CONTENTS:

Your brief should include the following:

  1. a STATEMENT OF THE LEGAL ISSUES you think the court should decide;

2. a concise STATEMENT OF THE CASE setting out the facts relevant to the issues submitted for review;

3. an ARGUMENT telling why the court should decide for you. Give legal authority which supports your side of the case. For each legal issue, try to include the "standard of review" this court should use in deciding your case. The "standard of review" may be included either under a separate heading before the discussion of each issue or in the discussion of the issue;

4. a CONCLUSION giving a brief statement of the relief you want and why.

5. a CERTIFICATE OF COMPLIANCE confirming the page or word count is within the type-volume rule limitations. Such briefs, whether typed or handwritten, must not exceed 30 pages (not counting any statement regarding oral argument, and the certificates of service and compliance). For computer prepared briefs, the computer's word count feature should be used. Do not count the words yourself. You may use the "text line" method for typewritten briefs to show you meet the type-volume limits. Typewritten briefs with proper margins, (as described above), typeface with at least 10 1/2 characters per inch, and double spacing should have no more than 26 lines of text per page. Handwritten briefs must be legible and follow the same type-volume limitations in accordance with Fed. R. App. P. 32. Any **handwritten or typed** brief exceeding the page limit must be accompanied by a motion seeking leave of court to exceed the page limit. Motions to exceed the page limitation MUST contain COMPELLING REASONS.

C. CERTIFICATE OF SERVICE.

Your brief MUST CONTAIN a certificate of service showing the date you mailed a copy of your brief to the other parties in the case, and giving the name and complete mailing address (street number or post office box number, city and state) of the person you sent your brief to.

D. PENALTIES.

If you do not mail 4 copies of your brief to us within 40 days of the date shown on this letter, or properly request an extension of time, we will dismiss your case without further notice, see 5th Cir. R. 42.3. Note, 5th Cir. R. 31 and the Internal Operating Procedures following rules 27 and 31 provides the general sense of the court on the disposition of a variety of matters, which includes that except in the most extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

Pro se prisoners may request the record from the district court to prepare their briefs. If requested, the record will be sent to the warden.

**Appellee's Brief**

The appellee is allowed 30 days from the date of service of your brief to file a response. The appellee's brief may be in letter or memorandum form but must provide a concise statement of the case setting out the facts relevant to the issues raised and provide record and legal authority citations. If this court has granted COA, then an appellee's brief will be due 30 days from the date of service of appellant's brief. If the district court denied In Forma Pauperis status and certified that the appeal is not taken in good faith, or if a defendant or respondent did not make an appearance previously, the appellee does not need to file a brief, unless the court notifies the appellee to do so. We will send you a copy of the notice.

**Important notice regarding citations to the record on appeal to comply with the recent amendment to 5th Cir. R. 28.2.2.**

Parties are directed to use the new ROA citation format in 5th Cir. R. 28.2.2 **only** for electronic records on appeal with pagination that includes the case number followed by a page number, in the format "YY-NNNNN.###". In single record cases, the party will use the shorthand "ROA.###" to identify the page of the record referenced. For multi-record cases, the parties will have to identify which record is cited by using the entire format (for example, ROA.YY-NNNNN.###).

Parties may not use the new citation formats for USCA5 paginated records. For those records, parties must cite to the record using the USCA5 volume and or page number.

In cases with both pagination formats, parties must use the citation format corresponding to the type of record cited.

Explanation: In 2013, the court adopted the Electronic Record on Appeal (EROA) as the official record on appeal for all cases in which the district court created the record on appeal on or after 4 August 2013. Records on appeal created on or after that date are paginated using the format YY-NNNNN.###. The records on appeal in some cases contain both new and old pagination formats, requiring us to adopt the procedures above until fully transitioned to the EROA.

The recent amendment to 5th Cir. R. 28.2.2 was adopted to permit a court developed computer program to automatically insert hyperlinks into briefs and other documents citing new EROA records using the new pagination format. This program provides judges a ready link to pages in the EROA cited by parties. The court intended the new citation format for use **only** with records using the new EROA pagination format, but the Clerk's Office failed to explain this limitation in earlier announcements.

**Reply Brief**

You have 21 days from the date the appellee's brief is filed to file a reply brief. However, you are not required to file a reply brief.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

Brief Template: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Casey A. Sullivan, Deputy Clerk
504-310-7642

cc:
    Ms. Brittney Angelich
    Mr. Daniel Avila II
    Mr. Joshua Benjamin Baker
    Mr. Gene R. Besen
    Mr. James Matthew Dow
    Ms. Mary Mangan
    Mr. Kevin Ward Patton

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

———

Case No. 23-50648

———

Priscilla Ann Ellis-Erkkila, true name Priscilla Ann Ellis,

    Plaintiff - Appellant

v.

Citibank; JP Morgan Chase; BB&T Bank; Regions Bank; Capital One,

    Defendants - Appellees